UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

JOHN POULLARD (#98999)                                            CIVIL ACTION

VERSUS                                                            NO. 15-685-JWD-RLB

RICHARD A. SHERBURNE, ET AL.

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

**ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.**

Signed in Baton Rouge, Louisiana, on June 3, 2016.

  _____
  **RICHARD L. BOURGEOIS, JR.**
  **UNITED STATES MAGISTRATE JUDGE**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| JOHN POULLARD (#98999) | CIVIL ACTION |
| VERSUS | NO. 15-685-JWD-RLB |
| RICHARD A. SHERBURNE, ET AL. | |

MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Before the court is Plaintiff's "Objection to Removal," which the court construes as a Motion to Remand. (R. Doc. 3). The motion is opposed. (R. Doc. 7). Plaintiff has filed a Reply. (R. Doc. 9).

I.      Background

The instant action concerns alleged events occurring during a trial held in federal court one week prior to the filing of this action in state court. On May 21, 2012, John Poullard ("Plaintiff"), an inmate incarcerated at the Louisiana State Penitentiary ("LSP"), Angola, Louisiana, filed a civil rights action against former Warden Burl Cain, Assistant Warden Donald Barr, and Dr. Johnathan Roundtree contending that he was denied eye medication for glaucoma. *See Poullard v. McCoy*, No. 12-cv-299-JWD-SCR (M.D. La.). The defendants were represented at trial by Richard Allen Sherburne, Jr. On September 2, 2015, the jury returned a verdict in favor of the defendants, and the district judge entered a judgment dismissing the matter against the defendants with prejudice.

On September 9, 2015, Plaintiff filed the instant action in the 19th Judicial District Court, East Baton Rouge Parish, Louisiana, naming as defendants Richard Sherburne, Jr., Linda Colomb, Dr. Glenn Coullard, and Dr. Gerald Gerdes. (R. Doc. 1-1). Mr. Sherburne represents that he served as Special Assistant Attorney General in the underlying federal action, and Ms.

1

Colomb is a paralegal employed by the Louisiana Department of Justice. (R. Doc. 7-1). Dr. Coullard and Dr. Gerdes were called and tendered as expert witnesses by Plaintiff in the underlying federal action. (R. Doc. 7 at 7 n.6).

Plaintiff alleges that in the federal trial, Mr. Sherburne acted with "intentionally tortious conduct to gain an advantage in the case" by having Dr. Coullard and Dr. Gerdes testify and intentionally represent that had never treated or diagnosed Plaintiff with Glaucoma, or that any other doctors at the relevant hospital diagnosed him with Glaucoma. (R. Doc. 1-1 at 2). Plaintiff further alleges that Mr. Sherburne had Dr. Coullard "intentionally misrepresent that he had no knowledge that [Plaintiff] had a laser surgery on one of his eyes at a hospital in Monroe, Louisiana." (R. Doc. 1-1 at 2). Plaintiff further alleges that these doctors either intentionally misrepresented the contents of his medical records or intentionally misrepresented that medical records offered into evidence were certified true copies of his medical records. (R. Doc. 1-1 at 2). Plaintiff further alleges that Ms. Colomb "aided and abetted" Mr. Sherburne with his intentionally tortious acts. (R. Doc. 1-1 at 2).

In support of these allegations, Plaintiff cites one Louisiana appellate court decision, *Exposition Partner, L.L.P. v. King, LeBlanc & Bland, L.L.P.*, 869 So. 2d 934 (La. App. 4th Cir. 2004). In pertinent part, that decision stands for the proposition that a right of action for fraud, negligent misrepresentations, intentional concealment, and detrimental reliance arise pursuant to Louisiana Civil Code Article 2315 even where there is not an attorney-client relationship between the plaintiff and the attorneys allegedly making the misrepresentations. *Id*. at 942-44.

On October 15, 2015, Defendants removed this action pursuant to 28 U.S.C. § 1441, asserting that this court has federal question jurisdiction over Plaintiff's claim pursuant to 28 U.S.C. § 1331. (R. Doc. 1; R. Doc. 2). More specifically, Defendants allege in the Notice of

2

Removal that Plaintiff's claims involve federal questions in light of 28 U.S.C. § 1985(2), which provides a federal cause of action for a claim of witness intimidation in a judicial proceeding. (R. Doc. 2 at 3).

On October 21, 2015, Plaintiff filed the instant Motion. (R. Doc. 3).

## II.     Arguments of the Parties

In support of remand, Plaintiff contends that his claims are brought under state law, and that there is no basis for the exercise of federal question jurisdiction. (R. Doc. 3).

In opposition, Defendants essentially argue that removal is proper because Plaintiff's action could have been originally been brought in federal court under the court's federal question jurisdiction.  Defendants argue that in light of the fact pleading standards under Louisiana law, the fact that Plaintiff does not specifically mention any federal laws does not preclude his Petition from having raised a federal claim. (R. Doc. 7 at 5-6).  Defendants further argue that although the Petition does not reference federal law, it "practically word for word tracks the substance of 42 U.S.C. § 1985(2)," suggesting that he is alleging a removable claim under federal law.  (R. Doc. 7 at 6-7).  Finally, Defendants argue Mr. Sherburne and Ms. Colomb were acting in the federal action in their capacities as state officials, and, accordingly, Plaintiff's action falls "under the purview of 42 U.S.C. § 1983." (R. Doc. 7 at 7-10).

In reply, Plaintiff asserts, among other things, that Mr. Sherburne and Ms. Colomb were acting in their individual capacities in the underlying federal action. (R. Doc. 9).

## III.    Law and Analysis

Defendants may remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441.[1]  This court has original

---

[1] Defendants did not seek removal pursuant to 28 U.S.C. §1443, which allows for the removal of certain civil rights cases.

3

subject matter jurisdiction "of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.  Nevertheless, because federal courts are courts of limited jurisdiction, it is presumed that a suit removed to federal court lies outside this limited jurisdiction. *Howery v. Allstate Ins. Co.,* 243 F.3d 912, 916 (5th Cir. 2001).  The party seeking removal bears the burden of demonstrating that a federal question exists. *Gutierrez v. Flores*, 543 F.3d 248, 251 (5th Cir. 2008).  A federal question exists "if there appears on the face of the complaint some substantial, disputed question of federal law." *In re Hot–Hed, Inc.*, 477 F.3d 320, 323 (5th Cir. 2007) (quoting *Carpenter v. Wichita Falls Indep. Sch. Dist.*, 44 F.3d 362, 366 (5th Cir. 1995)).

Whether a case is removable upon the basis of federal question jurisdiction is to be determined by the allegations of the plaintiff's "well-pleaded complaint" as of the time of removal. *See Medina v. Ramsey Steel Co., Inc.*, 238 F.3d 674, 680 (5th Cir. 2001).  Because the plaintiff is the master of his complaint, even where both federal and state remedies are available on a given set of facts, there will be no basis for removal on federal question jurisdiction if the plaintiff elects in the state court petition to proceed exclusively under state law. *Avitts v. Amoco Production Co.*, 53 F.3d 690, 693 (5th Cir. 1995).  That federal law may provide a defense to a state law claim is insufficient to establish federal question jurisdiction. *See Caterpillar Inc. v. Williams*, 482 U.S. 386, 393 (1987); *New Orleans & Gulf Coast Ry. Co. v. Barrois*, 533 F.3d 321, 328-29 (5th Cir. 2008).

The complete preemption doctrine, however, creates a narrow exception to the well-pleaded complaint rule, allowing removal of an otherwise unremovable state court action where Congress has "so completely preempt[ed] a particular area that any civil complaint raising this select group of claims is necessarily federal in character." *See Johnson v. Baylor Univ.,* 214 F.3d

4

630, 632 (5th Cir. 2000) (quoting *Metro Life Ins. Co. v. Taylor*, 481 U.S. 58, 63 (1987)).  Unlike ordinary preemption, complete preemption is jurisdictional in nature, and "[a]s such, it authorizes removal to federal court even if the complaint is artfully pleaded to include solely state law claims. . . ." *Johnson,* 214 F.3d at 632 (quoting *Heimann v. Nat'l Elevator Indus. Pension Fund*, 187 F.3d 493, 500 (5th Cir. 1999)).

The Fifth Circuit initially identified another narrow exception known as the artful pleading doctrine, under which the court will evaluate the plaintiff's motive for not pleading a federal cause of action. *Aaron v. Nat'l Union Fire Ins. Co. of Pittsburg, Pa.*, 876 F.2d 1157, 1161 (5th Cir. 1989).  Under this doctrine, "[i]f the court concludes that the plaintiff's failure to plead her federal claim was not in good faith, but rather was an attempt to conceal the fact that her claim was truly federal, the court will allow the removal." *Id*.  The Fifth Circuit has more recently held, however, that "the artful pleading doctrine applies *only* where state law is subject to complete preemption." *Bernhard v. Whitney Nat. Bank*, 523 F.3d 546, 551 (5th Cir. 2008) (citing *Terrebonne Homecare, Inc. v. SMA Health Plan, Inc.*, 271 F.3d 186, 188-89 (5th Cir. 2001).

Here, Defendants removed this action pursuant to 28 U.S.C. § 1441, asserting that this court has federal question jurisdiction over Plaintiff's claim pursuant to 28 U.S.C. § 1331. Plaintiff does not plead a cause of action under federal law in the Petition.  More specifically, Plaintiff does not assert a cause of action pursuant to 42 U.S.C. § 1983 or 42 U.S.C. § 1985. Instead, Plaintiff alleges that the Defendants engaged in "intentionally tortious conduct" and intentional misrepresentations under state law.  Furthermore, the only judicial decision referenced in the Petition is a state court decision interpreting state tort law.

5

Defendants' indirect reliance on the "artful pleading doctrine" and/or the "complete preemption doctrine" is misplaced. (R. Doc. 7 at 3-4). Defendants provide no legal support supporting a finding that the federal civil rights statutes at issue, 42 U.S.C. § 1983 or 42 U.S.C. § 1985, completely preempt Plaintiff's state law claims. Neither statute is pled by Plaintiff. Pursuant to the well-pleaded complaint rule, this court does not have federal question jurisdiction over this action.

### IV.   Conclusion

Based on the foregoing, Defendants improperly removed this action because the court does not have subject-matter jurisdiction over Plaintiff's state law claims.

### RECOMMENDATION

It is the recommendation of the magistrate judge that Plaintiff's Motion to Remand (R. Doc. 3) be **GRANTED**, and the action be **REMANDED** to the 19th Judicial District Court, East Baton Rouge Parish, Louisiana.

Signed in Baton Rouge, Louisiana, on June 3, 2016.

_____
**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**